[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REATTORNEY'S FEES
The plaintiff brought this action on March 23, 1990 pursuant to 42 U.S.C. § 1983 claiming violations of 42 U.S.C. § 1437a and 24 C.F.R. Part 913 and seeking class certification. Specifically, the plaintiff claimed that the defendants Hartford Housing Authority and John Wardlaw improperly calculated the rent of general assistance recipients who resided in the defendants' low income public housing.
On August 3, 1992, the court certified the class of plaintiffs as those persons who resided in housing operated by the defendants between March 1, 1984 and July 1, 1992, whose income at any time during that period consisted solely of general assistance payments and whose rent was not calculated in accordance with 42 U.S.C. § 1437a and 24 C.F.R. Part 913.
On September 14, 1992, a Consent Judgment entered, granting the relief sought in the complaint. On December 3, 1993, the plaintiff filed this Motion for Fees, seeking an award for both attorney and paralegal fees.
The defendants raise three grounds for their objection to CT Page 10058-C the plaintiff's Motion for Fees: 1) lack of subject matter jurisdiction for the plaintiff's failure to exhaust her administrative remedies; 2) neither the federal or state statutes authorize an award of fees to this plaintiff; and 3) public policy would not be served by an award of fees against the defendant non-profit organization.
As to the first objection, the court finds that since the parties entered into a Consent Judgment resolving the merits of the underlying action the defendants cannot now raise the issue of failure to exhaust administrative remedies. Further, as the plaintiff notes in her Supplemental Memorandum (p. 4) the grievance procedure does not apply to class actions. See24 C.F.R. § 966.51.
As to the defendants' second argument, there is ample authority to support an award of fees in this case. The federal statute, 42 U.S.C. § 1988 allows awards of fees to the "prevailing party" in an action brought pursuant to 42 U.S.C. § 1983, inter alia. Sherry Carter v. East Hartford Housing Authority, Civ. No. 3:93CV1149 (AVC) (D.Conn. 1994), citing Hensley v. Eckerhart,461 U.S. 424, 433 (1983). In Gagne v. Maher, 594 F.2d 336 (1979), the Second Circuit upheld an award of fees in an action brought pursuant to 42 U.S.C. § 1983 against the Commissioner of Social Services. As in this case, the underlying Gagne case was resolved in a consent decree. There the court said,
 . . . once it has been determined that plaintiff obtained benefits for the class in the settlement on some claim, plaintiff is `the prevailing party' within the meaning of the statute [42 U.S.C. § 1988].
There the court determined that the consent decree gave the plaintiff "virtually all" the relief she sought in the complaint and noted that "[t]he consent decree was the product of the litigation and plaintiff is entitled to use it to justify as award." 594 F.2d at 341. The plaintiff in this case is similarly the prevailing party in that she obtained the relief she sought in her complaint, and accordingly it is within this court's discretion to award her attorney's fees.
As to the third ground of the defendants' objection, the court notes the purpose behind the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. CT Page 10058-D
 The purpose of § 1988 is to ensure `effective access to the judicial process' for persons with civil rights grievances. H.R. Rep. No 94-1558, p. 1 (1976)
Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). That stated purpose is more compelling to this court than an unsubstantiated concern of an award against a non-profit organization. Without any cited authority for their position, the defendants have not convinced the court that this should bar an award.
The amount of a fee award to the prevailing party is within the discretion of the trial court. At oral argument the defendants suggest that the case was resolved more through "bookkeeping" than through lawyering and that the award should be reduced accordingly.
The plaintiffs seek fees in the amount of $23,723.00. A portion of that amount ($7,437.50) is attributable to paralegals and the balance ($16,285.50) to Attorney David Pels. The plaintiff provided contemporaneous time records indicating the number of hours spent on specific tasks. Affidavits regarding Attorney Pels' experience and skill, the hourly rates charged by attorneys of similar skill and experience and paralegal hourly rates were provided to the court to support the claimed hourly rates of $175 for Attorney Pels and $70 for the paralegals. The court finds the hourly rates reasonable.
The court applied the lodestar approach and then considered the more subjective factors such as risk of litigation, the complexity of issues and the skill that was required of the attorneys. New York Ass'n for Retarded Children v. Carey,711 F.2d 1136, 1140 (1983).
The court has examined the time records of Attorney Pels and the paralegals, has considered the outcome and legal complexity of the underlying action and accordingly concludes that a total award of $11,850 is reasonable.
Alexandria Davis DiPentima, J.